Filed 4/24/20; Modified and Certified for Publication 5/13/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| HUYEN NGUYEN, | H046809 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. 18CV004222) |
| v. | |
| KAREN ELLEN FORD et al., | |
| Defendants and Respondents. | |

Appellant Huyen Nguyen sued respondents Karen Ellen Ford and Ford & Associates, LLC (collectively, Ford) for alleged legal malpractice and breach of fiduciary duty committed in a prior federal lawsuit. The trial court sustained Ford's demurrer to the complaint and dismissed the action without leave to amend based on the applicable statute of limitations. (See Code Civ. Proc., § 340.6, subdivision (a) (hereafter section 340.6(a)).[1]) For the reasons set forth below, we affirm the judgment.

---

[1] Unspecified statutory references are to the Code of Civil Procedure.

# I. FACTS AND PROCEDURAL BACKGROUND

A. *Nguyen's Complaint in the Malpractice Action*

In our review of the trial court's order sustaining Ford's demurrer, we assume the truth of the allegations in Nguyen's complaint. (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1230 (*Lee*).)

Nguyen filed the operative complaint on November 5, 2018, in Monterey County Superior Court (superior court). She alleged one cause of action against Ford for legal malpractice and one cause of action for breach of fiduciary duty (malpractice action).

As alleged in her complaint in the malpractice action, Nguyen worked as a dentist at the Army's Presidio of Monterey Dental Clinic until she was terminated. Nguyen hired Ford, an attorney and owner of Ford & Associates LLC, to represent Nguyen in a discrimination lawsuit she wished to file against her former employer. Ford filed the lawsuit, *Nguyen v. McHugh*, Case No. CV 13-01847 LHK (district court case), on Nguyen's behalf in the United States District Court for the Northern District of California. Defendants in the district court case successfully moved for summary judgment, and the trial court entered judgment against Nguyen. According to Nguyen, Ford remained Nguyen's "attorney of record" in the district court case.

Ford's "retainer agreement" with Nguyen in the district court case specifically excluded appeals. Nguyen hired Ford to represent her in the appeal of the district court case, and Nguyen signed a separate retainer agreement for the appeal, which Ford prepared. Ford filed the appeal, *Nguyen v. Esper*, appeal case No. 14-16999 (Ninth Circuit appeal), on Nguyen's behalf in the United States Court of Appeals for the Ninth Circuit (Ninth Circuit).

According to Nguyen's complaint in the malpractice action, Ford "began charging exorbitant fees and costs, and causing unnecessary delays." Ford filed a motion in the Ninth Circuit to withdraw as counsel, which the court granted. Nguyen's complaint states, "Although [Ford] continued to represent [Nguyen] in the district court tribunal,

[Nguyen] had to retain new appellate counsel to finish her appeal." On May 11, 2018, the Ninth Circuit affirmed the district court's judgment against Nguyen.

Nguyen alleged that, but for Ford's untimely filing of a brief in the district court case, summary judgment would not have been granted against her. Nguyen's complaint asserted that Ford "was never granted leave to withdraw as trial counsel by order of the district [c]ourt pursuant to Local Rule 11-5. [Ford] never advised [Nguyen] that she wished to terminate legal services under the retainer agreement applicable to legal representation in the district court action. At all times this has led [Nguyen] to understand and have the reasonable belief that [Ford] was, and is still, her attorney in the civil action in the U.S. district court."

B. *Ford's Demurrer to the Malpractice Complaint*

Ford demurred to both causes of action in the malpractice action on the ground they were barred by the one-year statute of limitation contained in section 340.6(a). Ford contended that the "latest time" Nguyen could have filed both causes of action was May 2016—that is, one year after May 2015, when Ford withdrew from representing Nguyen. Because Nguyen did not file her complaint against Ford until November 2018, both causes of action were barred by section 340.6(a).

In the malpractice action, Ford sought judicial notice of a number of documents from the district court case and the Ninth Circuit appeal. These documents provide a variety of dates relevant to Ford's demurrer that do not appear in Nguyen's complaint. In particular, they show the district court granted the defendants' motion for summary judgment on August 22, 2014, and entered judgment against Nguyen on August 27, 2014.

Another court filing showed that, on April 15, 2015, Ford sought in the Ninth Circuit appeal an order permitting her to withdraw as counsel of record "in the above

3

referenced matter."[2]  The caption to Ford's motion to withdraw lists both the appeal number in the Ninth Circuit and the docket number in the district court.  In an accompanying declaration, Ford asserted that she entered into an "appeal fee agreement" with Nguyen in October 2014.  Nguyen had made an initial payment under the agreement in October 2014 but had not paid Ford since and refused to communicate with Ford.  Ford stated she had informed Nguyen that Ford did not wish to represent her anymore and had asked Nguyen to sign a voluntary substitution of counsel, but Nguyen refused to do so.

On April 17, 2015, the Ninth Circuit issued an order granting Ford's motion for leave to withdraw as counsel.  The Ninth Circuit ordered the clerk of the court to provide a copy of the order to Nguyen.  On May 11, 2018, the Ninth Circuit affirmed the district court's order granting summary judgment to defendants in the district court case.

C.  *Nguyen's Opposition to the Demurrer*

In opposition to Ford's demurrer in the malpractice action, Nguyen asserted that Ford continued to represent Nguyen in the district court case after Ford had withdrawn as counsel in the Ninth Circuit appeal.  Nguyen stated Ford did not comply with the local rules "for withdrawing from the federal lawsuit [] in which she remains the attorney on record (at least up to May 22, 2018 when the Court of Appeal decision issued its memorandum of decision)."

Nguyen asserted in her opposition to the demurrer that Ford never told her that Ford wished to terminate "legal services under the legal agreement applicable to legal representation in the district court action."  Nguyen attached to her opposition the 2018 "Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California."  Nguyen highlighted rule 1-5, defining "court" as the

---

[2] Although it is uncontested that Ford filed on Nguyen's behalf an appeal in the Ninth Circuit of the judgment from the district court case, the record on appeal does not include the filing date of the appeal.

"United States District Court for the Northern District of California" and rule 11-5, which states "Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."

D. *Ford's Reply to the Opposition to the Demurrer*

In reply, Ford asserted the separate retainer agreements for the district court action and the Ninth Circuit appeal were irrelevant because there was only one "matter" for purpose of the statute of limitation—not two—and the district court had no jurisdiction over the case once the appeal was filed. Ford also objected to the rules attached to Nguyen's opposition on the ground that it was inappropriate for the trial court on demurrer to consider evidence "not disclosed in the pleadings."[3]

Ford also filed a supplemental request for judicial notice, seeking judicial notice of several additional documents from the district court case. In particular, Ford attached a document titled "notice of withdrawal as counsel" filed by Ford on April 30, 2015, in the district court case and accompanied by a proof of service stating it had been served on Nguyen. In the notice, addressed to each party and each party's counsel of record, Ford stated "You are hereby notified that [Ford] was formerly attorney of record for [Nguyen] in this action, but, pursuant to motion filed by counsel, has been granted leave to withdraw as attorney of record by order of the Ninth Circuit Court of Appeals dated April 17, 2015 entered in the appeal of this matter, case number 14-16999. A true and correct copy of said order is attached hereto as Exhibit A. Accordingly, the undersigned counsel has withdrawn and is no longer counsel of record in this matter." (Capitalization omitted.)

Ford also sought judicial notice of a "notice of lien" she filed on April 30, 2015, in the district court case and served on Nguyen on April 16, 2015. In the notice of lien,

---

[3] The record on appeal does not indicate whether the trial court ruled on Ford's objection to this evidence.

5

Ford stated she was "formerly attorney of record" for Nguyen but had been granted leave to withdraw by order of the Ninth Circuit. Ford asserted she "claims a lien" on any judgment rendered in favor of Nguyen to secure payment for legal services rendered.

E. *Trial Court Order on the Demurrer*

On January 25, 2019, the trial court conducted a hearing on Ford's demurrer. The court granted both of Ford's requests for judicial notice and sustained the demurrer without leave to amend. Although the minute order for the hearing indicates "[t]he court's findings are stated in detail for the record," no reporter's transcript for the hearing appears in the record on appeal. On January 27, 2019, the trial court filed a written order reflecting its rulings from the January 25 hearing but making no additional findings. Nguyen appeals the trial court's order sustaining Ford's demurrer and dismissing the action without leave to amend.[4]

## II. DISCUSSION

A. *Nguyen's Contentions on Appeal*

Nguyen asserts the trial court erred in sustaining the demurrer because Ford continues to represent her in the district court case, thus tolling the one-year statute of limitations contained in section 340.6(a). In support of this assertion, Nguyen relies on Ford's failure to secure an order from the district court permitting her to withdraw as attorney of record and on Nguyen's assertion that Ford did not inform her that Ford "wished to terminate legal services under the retainer agreement applicable to legal

---

[4] Nguyen appealed from the trial court's written order sustaining the demurrer before the trial court had issued a judgment. As "[t]he existence of an appealable judgment is a jurisdictional prerequisite to an appeal," (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292), we ordinarily would not have jurisdiction over Nguyen's appeal. However, the trial court has since issued a judgment; therefore, we have authority to treat Nguyen's notice of appeal as if it had been timely filed. (See Cal. Rules of Court, rule 8.104(d)(2); *In re Marriage of Grimes and Mou* (2020) 45 Cal.App.5th 406, 419–420.) In the absence of any objection by Ford, who has fully briefed the merits of this appeal, we exercise our authority to treat Nguyen's notice of appeal as timely filed.

representation in the district court action." Ford states that the local rules for the Northern District of California provide that counsel may not withdraw from an action until relieved "by order of Court," (italics omitted) and " ' "Court" ' " under the rules is defined as the United States District Court for the Northern District of California. Based on these facts, Nguyen asserts her belief that Ford continues to represent her in the district court action is reasonable. She further contends this factual question cannot be decided on demurrer.

Alternatively, Nguyen argues that Ford's failure to inform Nguyen about her withdrawal as attorney of record from the district court case constitutes a breach of fiduciary duty, as alleged in the second cause of action in the malpractice complaint, amounting to "actual fraud." This breach of fiduciary duty, Nguyen maintains, takes the cause of action outside of section 340.6(a), which does not apply to cases of "actual fraud," and instead triggers either a three- or four-year statute of limitations.

To describe the applicable statute of limitations for "actual fraud," Nguyen relies on *American Master Lease LLC v. Idanta Partners, Ltd.* (2014) 225 Cal.App.4th 1451 (*American Master Lease*), which states that "[t]he statute of limitations for breach of fiduciary duty is three years or four years, depending on whether the breach is fraudulent or nonfraudulent." (*Id*. at p. 1479.) Nguyen asserts that the appropriate date triggering the running of the statute of limitations for the breach of fiduciary duty cause of action is the date when Nguyen "first learned" that Ford withdrew in the district court case. As that date is not identified in the complaint, Nguyen argues that, based on an absence of proof, Ford cannot successfully demur to this cause of action on the ground it is time-barred.

Finally, Nguyen argues that the trial court erred in not allowing her to amend her complaint if this court "finds that either claim could have been stated but for a missing factual allegation."

B. *Legal Analysis*

In reviewing the trial court's order sustaining Ford's demurrer, we examine the complaint de novo to determine whether it alleges sufficient facts to state a cause of action and assume the facts asserted are true. (*Lee*, *supra*, 61 Cal.4th at p. 1230.) However, we do not assume as true " ' " ' "contentions, deductions or conclusions of fact or law." ' " ' " (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768.) We also " ' " ' "consider matters which may be judicially noticed." ' " ' " (*Ibid*.) In order for a demurrer to be sustained based on a statute of limitations, " ' " 'the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred.' " ' " (*Lee*, at p. 1232.) We first consider the timeliness of Nguyen's cause of action for malpractice.

1. <u>Legal Malpractice</u>

In its first cause of action, Nguyen's complaint alleges Ford engaged in legal malpractice. Section 340.6(a) sets out the applicable statute of limitations for legal malpractice claims. (*GoTek Energy, Inc. v. SoCal IP Law Group, LLP* (2016) 3 Cal.App.5th 1240, 12451246 (*GoTek Energy*).)

Section 340.6(a) provides in relevant part, "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." (§ 340.6(a).) As this text indicates, section 340.6(a) contains " ' "two distinct and alternative limitation periods: one year after actual or constructive discovery, or four years after occurrence (the date of the wrongful act or omission), whichever occurs first." ' " (*Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 566 (*Jocer*).)

Nguyen does not dispute that she was on at least inquiry notice of Ford's alleged negligence as of August 27, 2014, when the district court awarded judgment against her in the district court case. (See *Flake v. Neumiller & Beardslee* (2017) 9 Cal.App.5th 223, 229 (*Flake*).) Therefore, under section 340.6(a), Nguyen had one year—until August 27, 2015—to file her malpractice claim against Ford. As Nguyen filed her complaint in the malpractice action on November 5, 2018, it was untimely unless one of section 340.6(a)'s tolling provisions applies.

Nguyen relies upon the " 'continuous representation' " tolling provision of section 340.6(a). Section 340.6, subdivision (a)(2) (hereafter section 340.6(a)(2)), provides that the statute of limitations "shall be tolled during the time that . . . [¶] The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred."

As the text of section 340.6(a)(2) indicates, the continuous representation exception applies only to the attorney's representation of the plaintiff in the "specific subject matter" in which the alleged wrongdoing occurred. (§ 340.6(a)(2).) In light of its limitation to a "matter," the exception is not tied to the "mere existence of an attorney-client relationship." (*Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 228–229.) To determine whether the continuous representation exception applies, " '[t]he inquiry is not whether an attorney-client relationship still exists but when the representation of the specific matter terminated.' " (*Id*. at p. 229.)

Section 340.6(a)(2) does not provide a standard for determining when an attorney's representation in a "specific subject matter" terminates, thus ending the tolling period. (*Gonzalez v. Kalu* (2006) 140 Cal.App.4th 21, 28 (*Gonzalez*).) The statute's legislative history likewise does not address the question. (*Ibid*.) In the absence of specific statutory guidance, courts have developed a number of principles to direct the inquiry. As described further below, these principles emphasize the particular details of the attorney's and client's interactions rather than bright-line rules.

9

"  'An attorney's representation of a client ordinarily ends when the client discharges the attorney or consents to a withdrawal, the court consents to the attorney's withdrawal, or upon completion of the tasks for which the client retained the attorney.' " (*GoTek Energy*, *supra*, 3 Cal.App.5th at p. 1246.)  Nevertheless, an attorney may withdraw from representation in a matter within the meaning of section 340.6(a)(2) even absent a client's consent.  "  '[F]or purposes of Code of Civil Procedure section 340.6, subdivision (a)(2), in the event of an attorney's unilateral withdrawal or abandonment of the client, the representation ends when the client actually has or reasonably should have no expectation that the attorney will provide further legal services.  [Citations.]  That may occur upon the attorney's express notification to the client that the attorney will perform no further services.' " (*Id*. at p. 1247.)

However, an attorney's failure to formally withdraw from representation does not necessarily mean that the attorney continues to represent the client.  "[T]he formal act of withdrawing does not demarcate the end of the professional relationship in the context of the legal malpractice statute of limitations.  '[T]he failure to formally withdraw as attorney of record, standing alone, will not toll the statute of limitations under the rubric of continued representation.' " (*Flake*, *supra*, 9 Cal.App.5th at pp. 230–231, italics omitted.)

As one Court of Appeal observed, "If the Legislature had intended the running of the statute of limitations in section 340.6 to be tolled by failure of an attorney to file a withdrawal . . . it could have said so.  We do not believe that the Legislature intended the presence or absence of a formal withdrawal to be dispositive of the continued representation issue." (*Shapero v. Fliegel* (1987) 191 Cal.App.3d 842, 847 (*Shapero*); see also *Nielsen v. Beck* (2007) 157 Cal.App.4th 1041, 1049 (*Nielsen*) [observing the end of an attorney's representation for statute of limitations purposes "  ' "does not depend upon formal termination, such as withdrawing as counsel of record" ' "].)

10

Therefore, whether termination of representation has ended for purposes of section 340.6(a)(2) does not depend on whether the attorney has formally withdrawn from representation, such as by securing a court order granting permission to withdraw. Section 340.6(a)(2) contains no such requirement, and courts have been unwilling to add language to the statute it does not contain. As the California Supreme Court has explained, " '[S]ection 340.6 reflects the balance the Legislature struck between a plaintiff's interest in pursuing a meritorious claim and the public policy interests in prompt assertion of known claims. The courts may not shift that balance by devising expedients that extend or toll the limitations period. The Legislature expressly disallowed tolling under any circumstances not stated in the statute.' " (*Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 512.)

In addition, the inquiry into when representation has terminated does not focus on the client's subjective beliefs about whether the attorney continues to represent him or her in the matter. Instead, the test is objective and focuses on the client's reasonable expectations in light of the particular facts of the attorney-client relationship. "In deciding whether an attorney continues to represent a client, we do not focus ' "on the client's subjective beliefs" '; instead, we objectively examine ' "evidence of an ongoing *mutual* relationship and of activities in furtherance of the relationship." ' " (*Shaoxing City Maolong Wuzhong Down Products, Ltd. v. Keehn & Associates, APC* (2015) 238 Cal.App.4th 1031, 1038 (*Shaoxing City*); see also *GoTek Energy*, *supra*, 3 Cal.App.5th at p. 1248.) Representation ends " ' "when the client actually has or reasonably should have no expectation that the attorney will provide further legal services." ' " (*Flake*, *supra*, 9 Cal.App.5th at p. 231, italics omitted.) In other words, tolling under the continuous representation exception ends when " ' "a client has no *reasonable* expectation that the attorney will provide further legal services." ' " (*Ibid*., italics added.)

For example, one court has held that an attorney continued to provide representation in a matter even though the judgment was already final on appeal because

11

the attorney represented the client on postappeal fees and costs. (See *Jocer*, *supra*, 183 Cal.App.4th at p. 571.) Similarly, evidence that an attorney continued to bill a client for work related to the matter defeated summary judgment over the application of section 340.6(a)(2), notwithstanding evidence that another attorney had taken over the representation. (*O'Neill v. Tichy* (1993) 19 Cal.App.4th 114, 121.) Conversely, a Court of Appeal found as a matter of law that the continuous tolling exception did not apply where the attorney had substituted out as counsel and it was "undisputed" that the attorney did not provide legal advice, perform work, send bills, or appear on behalf of the plaintiff after the attorney substitution. (*Shaoxing City*, *supra*, 238 Cal.App.4th at p. 1039.)

While determining whether an attorney " 'continues to represent the plaintiff regarding the specific subject matter' " (*Gonzalez*, *supra*, 140 Cal.App.4th at p. 30) under section 340.6(a)(2) is generally a question of fact, it "can be decided as a question of law if the undisputed facts can support only one conclusion." (*Id*. at p. 31.) Consequently, "courts should sustain demurrers based on section 340.6 in appropriate circumstances." (*Croucier v. Chavos* (2012) 207 Cal.App.4th 1138, 1145.)

We have little difficulty concluding the trial court appropriately sustained Ford's demurrer to the cause of action for legal malpractice under section 340.6(a)(2). On April 17, 2015, the Ninth Circuit issued an order granting Ford leave to "withdraw as counsel" for Nguyen, and Nguyen does not allege in the complaint she was unaware of the order. In fact, Nguyen alleged she had to retain new appellate counsel to complete the appeal. In addition, Ford in the district court case filed on April 30, 2015, a "notice of withdrawal of counsel" in which Ford describes herself as "formerly attorney of record" for Nguyen and states that she "has been granted leave to withdraw as attorney of record" by order of the Ninth Circuit. The notice attached the Ninth Circuit order, and the notice contained a proof of service showing that Ford had served it on Nguyen.

In addition, Ford filed on April 30, 2015, a "notice of lien" in the district court case. In the notice, Ford describes herself as "formerly attorney of record for [Nguyen] in this action" and "claim[ed] a lien" on any judgment rendered in favor of Nguyen "to secure payment for legal services rendered and costs and expenses advanced on her behalf."

Nguyen's complaint does not allege she was unaware of any of these documents. Instead, she asserts that her belief that Ford continues to represent her in the district court action is reasonable because the district court action and the Ninth Circuit appeal were subject to separate retainer agreements; Ford never told Nguyen that she no longer wished to represent her in the district court action; and the district court did not issue an order granting Ford leave to withdraw as counsel. Nguyen, however, does not assert any ongoing legal contacts with Ford related to the matter. For example, Nguyen does not allege that she continued to communicate with Ford about the district court case; Ford made any legal appearances on her behalf in the district court case; or Ford sent her legal bills related to ongoing work in the district court case. Nguyen does not assert Ford told Nguyen she was continuing to represent her in the district court case.

The legal question on demurrer is whether, taking Nguyen's asserted facts as true, any reasonable factfinder could conclude it was objectively reasonable for Nguyen to believe Ford continues to represent her in the district court action. We conclude that no reasonable factfinder could make this finding. Once Ford had filed the notices in the district court case describing herself as Nguyen's former attorney and stating she was placing a lien for "legal services rendered" on any judgment in Nguyen's favor, any objectively reasonable client would have understood that Ford was no longer representing Nguyen in the district court case. (See *Flake*, *supra*, 9 Cal.App.5th at p. 232.) Under these facts, Nguyen's belief that Ford continues to represent her in the district court case is unreasonable as a matter of law.

13

Nguyen is mistaken when she contends section 340.6(a)(2) requires the judge in the district court case to have issued an order granting Ford leave to withdraw as counsel in order to terminate the continuous representation tolling period. A number of courts have highlighted that such formalities are not required under the statute. (*Flake*, *supra*, 9 Cal.App.5th at pp. 230–231; *Shapero*, *supra*, 191 Cal.App.3d at p. 847; *Nielsen*, *supra*, 157 Cal.App.4th at p. 1049.) Further, nothing in the text of section 340.6(a)(2) indicates the statute incorporates local court rules when delineating the contours of the continuous representation period.

For these reasons, we conclude the tolling provision of section 340.6(a)(2) no longer applied once Ford filed the notices in the district court on April 30, 2015. Nguyen had one year from this date to bring her action against Ford for malpractice. (§ 340.6(a).) Nguyen did not file her malpractice claim against Ford until 2018; therefore the face of the complaint demonstrates that section 340.6(a) " ' " 'clearly and affirmatively' " ' " bars this cause of action. (*Lee*, *supra*, 61 Cal.4th at p. 1232.) We affirm the trial court's order sustaining Ford's demurrer.

2. Breach of Fiduciary Duty

Nguyen argues that her cause of action for breach of fiduciary duty against Ford is not subject to the statute of limitations contained in section 340.6(a) because it is for "actual fraud" to which the statute does not apply. Section 340.6(a) provides, "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year."

In her complaint for breach of fiduciary duty, Nguyen alleges that Ford breached her fiduciary to Nguyen through a number of acts, including by "fail[ing] to inform [Nguyen] of significant developments." Nguyen appears to argue that this action amounts to "actual fraud" by violating Ford's ethical obligations as an attorney. Nguyen cites no authority that these allegations amount to claims of "actual fraud" that fall outside of section 340.6(a).

14

Whether Nguyen's cause of action for breach of fiduciary duty falls within section 340.6(a) is a question of statutory construction subject to our de novo review.  (*Lee*, *supra*, 61 Cal.4th at p. 1232.)  The California Supreme Court has held that "section 340.6(a)'s time bar applies to claims whose merits necessarily depend on proof that an attorney violated a 'professional obligation' in the course of providing professional services" (*id*. at pp. 1236–1237), but the statute "does not bar a claim for wrongdoing— for example, garden-variety theft—that does not require proof that the attorney has violated a professional obligation."  (*Id*. at p. 1237.)

The court in *Lee* emphasized that, because it uses the phrase "professional services," the statute is not limited solely to claims of wrongdoing in the provision of legal services.  (*Lee*, *supra*, 61 Cal.4th at p. 1237.)  The court observed, "the attorney-client relationship often requires attorneys to provide nonlegal professional services such as accounting, bookkeeping, and holding property in trust."  (*Ibid*.)  It held that the phrase " 'professional services' " in the statute "is best understood to include nonlegal services governed by an attorney's professional obligations."  (*Ibid*.)

The test for determining whether a cause of action falls within the statute of limitations contained in section 340.6(a) is "whether the claim, in order to succeed, necessarily depends on proof that an attorney violated a professional obligation as opposed to some generally applicable nonprofessional obligation."  (*Lee*, *supra*, 61 Cal.4th at p. 1238.)  Further, section 340.6(a) applies to any claims that meet this test, notwithstanding how they are styled:  "[s]ection 340.6(a) applies as soon as discovery makes clear that the claim's underlying basis consists of evidence that the attorney provided deficient professional services."  (*Id*. at p. 1239; see also *Bergstein v. Stroock & Stroock & Lavan LLP* (2015) 236 Cal.App.4th 793, 819 [" '[w]hen determining which statute of limitations applies to a particular action, a court considers what the principal purpose or "gravamen" of the action is, rather than the form of action or the relief demanded.' "].)

15

Nguyen's complaint alleges that Ford is an attorney who breached her fiduciary duty to Nguyen. The cause of action asserts that Ford "breached fiduciary duties owed" to Nguyen in a variety of ways. In her opening brief in this court, Nguyen emphasizes Ford's purported violations of the rules of professional conduct applicable to attorneys. Nguyen's complaint does not allege, and Nguyen does not advance in her briefing, any argument that Ford is liable for the acts and omissions encompassed by this cause of action on the ground she violated a "generally applicable *nonprofessional* obligation." (See *Lee*, *supra*, 61 Cal.4th at p. 1238, italics added.)

Beyond the bare assertion that Ford's conduct amounts to "actual fraud," which Nguyen does not support with any authority or elaboration, Nguyen does not explain how this cause of action falls outside of section 340.6(a). Furthermore, the language in section 340.6(a) relating to "actual fraud" "was intended to apply to intentional fraud" (*Quintilliani v. Mannerino* (1998) 62 Cal.App.4th 54, 69–70), and Nguyen's complaint does not allege that Ford committed acts amounting to "intentional fraud" against her.[5] The case relied upon by Nguyen in her assertion that a three- or four- year statute of limitation applies does not involve any claims against an attorney and therefore is inapposite. (See *American Master Lease*, *supra*, 225 Cal.App.4th at pp. 1466–1467.) Because the basis of Nguyen's cause of action for breach of fiduciary duty is that Ford

---

[5] "The well-established common law elements of fraud which give rise to the tort action for deceit are: (1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 481.) Nguyen's complaint includes no allegations that Ford misrepresented a material fact to her, and she does not otherwise explain how her allegations against Ford in the second cause of action satisfy the elements of intentional fraud. Instead, in her briefing in this court Nguyen emphasizes the allegation in the second cause of action that Ford " 'negligently and carelessly failed to inform [Nguyen] of significant developments' " and " 'acted in [her] own self-interest.' "

16

provided "deficient professional services" (*Lee*, *supra*, 61 Cal.4th at p. 1239), we conclude it falls within the one-year statute of limitation contained in section 340.6(a).

As we have already explained, Nguyen did not file her breach of fiduciary claim against Ford within one year of Ford's termination of her representation of Nguyen in the matter. Therefore, section 340.6(a) " ' " 'clearly and affirmatively' " ' " bars this cause of action (*Lee*, *supra*, 61 Cal.4th at p. 1232), and we affirm the trial court's order sustaining Ford's demurrer.

### 3. Denial of Leave to Amend

Nguyen argues that the trial court erred in not allowing her to amend her complaint if this court "finds that either claim could have been stated but for a missing factual allegation." Nguyen does not identify any potential amendments to the complaint that she would make were she granted leave to amend.

We review a trial court's denial of leave to amend under an abuse of discretion standard. (*Ott v. Alfa-Laval Agri, Inc.* (1995) 31 Cal.App.4th 1439, 1448.) "Where a demurrer is sustained without leave to amend, [we] must determine whether there is a reasonable probability that the complaint could have been amended to cure the defect; if so, [we] will conclude that the trial court abused its discretion by denying the plaintiff leave to amend. [Citation.] The plaintiff bears the burden of establishing that it could have amended the complaint to cure the defect." (*Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1035.)

Nguyen has not explained how she could cure the defect that the allegations in her complaint are untimely under section 340.6(a). As Nguyen has made no showing that there is a reasonable probability that she can cure the defect in the complaint, the trial court did not abuse its discretion by denying her leave to amend.

### III. DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.

17

_____
Danner, J.

WE CONCUR:

_____
Premo, Acting P.J.

_____
Elia, J.

**H046809**
*Nguyen v. Ford*

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| HUYEN NGUYEN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>KAREN ELLEN FORD et al.,<br><br>    Defendants and Respondents. | H046809<br>(Monterey County<br>Super. Ct. No. 18CV004222)<br><br>**ORDER GRANTING PUBLICATION AND MODIFYING OPINION**<br><br>**NO CHANGE IN THE JUDGMENT** |

BY THE COURT:

The opinion in this case, filed April 24, 2020, was not certified for publication. The court has received a request for publication made under California Rules of Court, rule 8.1120(a). After reviewing the request, it appears the opinion meets the standards for publication under California Rules of Court, rule 8.1105. The court therefore orders that the opinion be published in the Official Reports.

It is also ordered that the opinion be modified as follows:

On page 7, in the first full sentence, substitute "Nguyen" for "Ford."

There is no change in the judgment.

_____

Danner, J.


_____

Premo, Acting P.J.


_____

Elia, J.


**H046809**
*Nguyen v. Ford, et al.*

| Trial Court: | Monterey County Superior Court<br>Superior Court No. 18CV004222 |
|---|---|
| Trial Judge: | Hon. Julie R. Culver |
| Counsel for Appellant : | Louis P. Dell<br>Law Office of Louis P. Dell |
| Counsel for Respondents: | Sharon L. Hightower<br>Mingzi Ouyang<br>Ericksen Arbuthnot |

**H046809**
*Nguyen v. Ford, et al.*