Filed 1/15/21  Milner v. Casas CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| LARRY D. MILNER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JOSEPH N. CASAS et al.,<br><br>    Defendants and Respondents. | D074671<br><br><br><br>(Super. Ct. No. 37-2018-00001446-CU-PN-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Affirmed.

Larry D. Milner, in pro. per., for Plaintiff and Appellant.

Law Office of Alexander T. Gruft and Alexander T. Gruft for Defendants and Respondents.

Larry D. Milner's son died in 2007 at the University of California San Diego Medical Center.  Milner retained Joseph N. Casas and Casas Law Firm P.C. (Casas) to represent him in a wrongful death action against the Regents of the University of California (Regents).  The case proceeded to trial, and in March 2015, the trial court entered judgment in favor of the Regents and adverse to Milner.  Milner discharged Casas, retained new counsel, and

pursued an appeal. In January 2017, a panel of this court affirmed the judgment, finding Milner's claims on appeal were forfeited because none of the issues had been preserved by objection at trial.

In January 2018, Milner filed this action, asserting legal malpractice claims against Casas. Casas demurred, contending the claims were barred by the one-year statute of limitations in Code of Civil Procedure section 340.6.[1] The trial court sustained Casas's demurrer without leave to amend, finding that Milner's claims of legal malpractice were premised on allegations of actual injury sustained during trial in the wrongful death action and must have been pursued within one year following the entry of adverse judgment in the underlying action.

Milner appeals, contending the trial court erred when it determined the applicable statute of limitations had run, and further contending that actual damage occurred not with the entry of adverse judgment, but when the Court of Appeal rejected his appellate claims. We conclude the trial court properly sustained Casas's demurrer to Milner's complaint and Milner has not established a reasonable possibility the defect in his complaint regarding the statute of limitations could be cured by amendment. We therefore affirm the trial court's judgment.

FACTS

After Milner's son Larry died at the University of California San Diego (UCSD) Medical Center, Milner retained Casas and subsequently sued the Regents of the University of California for negligence and wrongful death. The matter proceeded to trial in February 2015. The jury unanimously found the Regents were negligent, but such negligence was not a substantial factor

---

[1]     Unless otherwise specified, statutory citations are to the Code of Civil Procedure.

in causing Larry's death (with two of the 12 jurors finding the Regents' negligence was a substantial factor). The court entered judgment in favor of the Regents (and adverse to Milner) in March 2015.

In his opening brief on appeal, Milner states that, "[s]hortly after [the] jury verdict in favor of the UCSD Medical Center[, he] became aware of several issues in which [he] believed [Casas] failed to provide adequate legal representation in the case, i.e., improper handling of jury misconduct issue, failure to notify critical witnesses of the trial, failure to object to many issues during trial." He filed a substitution of attorney form with the court and represented himself for a brief period before retaining new counsel for purposes of appeal.

Now represented by new counsel, Milner appealed. He contended the trial court prejudicially erred by not properly providing clarifying jury instructions regarding causation. In addition, he claimed he should be granted a new trial because of juror misconduct as well as misconduct during closing argument by the Regent's counsel. Finally, he contended cumulative error warranted reversal.[2]

In an opinion issued in January 2017, this court concluded Milner's claims on appeal had been forfeited because none of the issues had been preserved by objection at trial and affirmed the judgment.

In January 2018, Milner filed the instant action in propria persona against Casas alleging that Casas failed to exercise reasonable care and skill in representing him, resulting in an adverse judgment in the underlying

---

2      Milner filed his opening brief on appeal in April 2016 and his reply brief on appeal in September 2016.

3

lawsuit and the subsequent loss on appeal.[3] Milner alleged that Casas (1) failed to object to a proposed answer to a jury question seeking clarification regarding the law as it relates to causation, thereby forfeiting Milner's right to appellate review; (2) failed to object when the Regent's counsel, in closing argument, referred to Milner's son's condition as " 'like [c]ancer,' " which Milner claimed was prejudicial, thereby forfeiting Milner's right to appellate review; (3) failed to inform the trial judge of alleged jury misconduct, thereby forfeiting Milner's right to appellate review; and (4) failed to produce two "critical expert witnesses" at trial, one of whom had been deposed, and one of whom was never contacted.[4]

Casas demurred on the grounds that Milner's claims in the legal malpractice action were barred by the statute of limitations in section 340.6.

---

[3] "To state a cause of action for legal malpractice, a plaintiff must plead '(1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence.' " (*Charnay v. Cobert* (2006) 145 Cal.App.4th 170, 179.)

[4] Milner neglected to designate his complaint to be included in the clerk's transcript. However, he described his allegations in detail in his opposition to trial counsel's demurrer. "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifie[d] reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) " 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' " (*Id.* at p. 609.)

Casas contended that, because Milner sustained actual injury when he suffered the adverse judgment in the underlying action in March 2015, any legal malpractice claim must have been filed no later than March 2016. Milner's complaint, filed in January 2018, was barred because it was filed outside the applicable limitations period.[5]

In response, Milner contended he did not sustain actual injury at the time of trial, but rather sustained injury when he learned from the appellate opinion that his claims on appeal had been forfeited by Casas's failure to object at trial. He further contended Casas willfully concealed his responses to jury questions at trial. Milner requested leave to amend his complaint if the court was inclined to grant the demurrer, but he did not explain how he would amend the complaint or how his amendment would cure any defects.

---

[5] Casas requested that the trial court take judicial notice of the judgment entered in March 2015, the notice of entry of judgment filed and served in March 2015, and the cover pages of Milner's appellate opening and reply briefs, depicting filing dates of April and September 2016, respectively. (Evid. Code, § 452, subds. (c), (d).) Milner did not oppose the request for judicial notice. The trial court impliedly granted Casas's request for judicial notice, referencing the date of entry of judgment in its ruling.

After a hearing, the trial court sustained Casas's demurrer without leave to amend.[6] The trial court reasoned that, under *Laird v. Blacker* (1992) 2 Cal.4th 606 (*Laird*), the statute of limitations began to run when the adverse judgment was entered and was not tolled by the appeal. Because the complaint was filed more than one year after entry of judgment in the underlying action, it was barred by the statute of limitations. The court observed that there were no allegations in the complaint regarding Milner's claims that he did not discover the malpractice until the judgment was affirmed on appeal in January 2017 or regarding the alleged concealment. However, the court found that leave to amend was not warranted because, after an adverse judgment was entered, Milner then pursued an appeal, represented by new counsel. As a matter of law, Milner sustained actual injury upon entry of the adverse judgment. There was no reasonable possibility the defect in the complaint regarding the statute of limitations could be cured by amendment. The trial court sustained the demurrer without leave to amend and subsequently entered a judgment of dismissal.

---

[6] Milner elected to proceed on appeal with a settled statement of the oral proceedings in the trial court. Milner submitted a proposed statement to the trial court, which included his description of the arguments he presented at the hearing. The trial court accepted Milner's proposed statement without modification and adopted as the settled statement the two-page minute order sustaining Casas's demurrer without leave to amend. Milner subsequently moved in this court to strike the settled statement, claiming it was "highly prejudicial" to him. It is unclear why Milner sought to strike the settled statement, which included without modification his proposed statement. In any event, the oral proceedings in the trial court did not involve an evidentiary hearing with witness testimony. The appeal involves a purely legal issue dependent on the allegations in Milner's complaint and the facts of which the trial court took judicial notice. In an order dated December 24, 2019, we denied Milner's motion to strike the settled statement.

DISCUSSION

I.

*The Trial Court Properly Sustained the Demurrer*

" 'The application of the statute of limitations on undisputed facts is a purely legal question [citation]; accordingly, we review the lower courts' rulings de novo. We must take the allegations of the operative complaint as true and consider whether the facts alleged establish [the plaintiff's] claim[s are] barred as a matter of law.' [Citations.] ' " ' "A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. [Citation.] In order for the bar . . . to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred." ' " ' " (*San Diego Unified School District v. Yee* (2018) 30 Cal.App.5th 723, 730-731 (*Yee*).)

"[L]eave to amend is proper when 'there is a reasonable possibility the plaintiff could cure the defect . . . .' [Citation.] On appeal, 'the burden is on the plaintiff to show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading.' " (*Jocer Enterprises, Inc. v. Price* (2010) 183 Cal.App.4th 559, 572 (*Jocer*).) "When a trial court sustains a demurrer without leave to amend, we assess that decision for abuse of discretion, which is abused if there is a reasonable possibility that the defect can be cured by amendment." (*Yee, supra,* 30 Cal.App.5th at p. 731.)

The parties agree the applicable statute of limitations is section 340.6, subdivision (a), which provides, "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff

7

discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." Section 340.6 "states 'two distinct and alternative limitation periods: *one* year after actual or constructive *discovery,* or *four* years after *occurrence* (the date of the wrongful act or omission), whichever occurs first.' " (*Samuels v. Mix* (1999) 22 Cal.4th 1, 7.)

Section 340.6 tolls the limitations period until the plaintiff suffers actual injury from the malpractice. It provides, "Except for a claim for which the plaintiff is required to establish the plaintiff's factual innocence, the time for commencement of legal action shall not exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury." (§ 340.6, subd. (a)(1).)[7] Thus, "[t]he legislative scheme . . . toll[s] the limitations period if the plaintiff has not sustained any actual injury. [Citation.] As a result, a plaintiff who actually or constructively discovered the attorney's error, but who has suffered no damage to support a legal malpractice cause of action, need not file suit." (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 757 (*Jordache*).)

"The test for actual injury . . . is whether the plaintiff has sustained any damages compensable in an action, other than one for actual fraud, against an attorney for a wrongful act or omission arising in the performance of professional services." (*Jordache, supra*, 18 Cal.4th at p. 751.) Determining actual injury "require[s] examination of the particular facts of each case in light of the alleged wrongful act or omission" and therefore

---

7    Section 340.6 sets forth three other tolling provisions, none of which plaintiff asserts.

8

cannot be "determined by any bright line rule." (*Id*. at p. 761, fn. 9.) Although determining when actual injury occurred is predominantly a factual inquiry, "[w]hen the material facts are undisputed, the trial court can resolve the matter as a question of law . . . ." (*Id*. at p. 751.)

In cases involving legal malpractice during litigation, actual injury may occur when an unfavorable judgment is first entered against the party even though the party appeals from the judgment. (*Laird*, *supra*, 2 Cal.4th at p. 615.)

In *Laird*, the plaintiff retained attorneys to prosecute a lawsuit, but the attorneys failed to pursue the matter, and the suit was dismissed for lack of prosecution. (*Laird*, *supra*, 2 Cal.4th at pp. 609-610.) Plaintiff filed an appeal in propria persona, but later voluntarily dismissed the appeal. (*Id*. at p. 610.) Eight months after plaintiff dismissed her appeal, but more than one year after the underlying action was dismissed, she filed a legal malpractice action against her former attorneys. (*Ibid*.) Ultimately, our Supreme Court concluded her malpractice action was barred by the statute of limitations. (*Ibid*.) The court held the limitations period commenced when the plaintiff suffered an adverse judgment in the underlying action on which the malpractice action was based and was not tolled during the pendency of her appeal. (*Ibid*.)

Here too, Milner suffered actual injury when the adverse judgment was entered, giving rise to his appeal attempting to overturn the adverse judgment. The allegations in Milner's complaint demonstrated that he was actually injured, if at all, during trial in the underlying action. He alleged that Casas failed to exercise reasonable care and skill in representing him, resulting in an adverse judgment and the subsequent loss on appeal. In particular, he contested Casas's failure to object to alleged juror misconduct,

9

failure to object during closing argument, and failure to object to a proposed answer to a jury question. All of these allegations were related to the arguments raised and rejected in Milner's prior appeal. " '[A]n injury does not disappear or become suspended because a more final adjudication of the result is sought.' " (*Laird, supra,* 2 Cal.4th at p. 615.) His final allegation, that Casas failed to produce at trial two "critical expert witnesses," similarly was an injury sustained during trial in the underlying wrongful death action. Milner's statements in his opening brief in this appeal reiterate that he "became aware" of Casas's inadequate legal representation "[s]hortly after [the] jury verdict in favor of the UCSD Medical Center."

Nonetheless Milner contends he did not sustain injury during the underlying trial or when adverse judgment was entered, but rather when this court issued an opinion concluding his appellate claims were forfeited by trial counsel's failure to object in the trial court. Despite his statements to the contrary, Milner contends he only became aware of the actual facts underlying his malpractice action when the opinion in his prior appeal was filed. "In essence, plaintiff asks us to ignore the fact that the focus of a legal malpractice action (when litigation is involved) is the attorney's *conduct* in the underlying case." (*Laird, supra,* 2 Cal.4th at p. 615.) We find Milner's claims unpersuasive and contrary to established case law.

Section 340.6 requires a plaintiff to exercise reasonable diligence to discover the facts constituting the alleged malpractice. (§ 340.6, subd. (a) [requiring legal malpractice action to "be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission"].) Even if we accept Milner's argument that he was unaware of his claims at the time of trial, at the very least, through the exercise of reasonable diligence, he should

10

have been aware of them by the time he filed his opening brief on appeal in April 2016, or at latest when he filed his reply brief in September 2016, more than one year before he filed his malpractice complaint in January 2018. In sum, even accepting Milner's argument on appeal that he was unaware of his claims at the time of trial, Milner's action is time-barred under the statute of limitations period of section 340.6.

Milner's reliance on *Bartosh v. Banning* (1967) 251 Cal.App.2d 378 is misplaced. In that case, the Court of Appeal reversed a judgment adverse to the plaintiff because it determined the jury was inadequately instructed on applicable legal principles of battery and self-defense. (*Id.* at pp. 387-388.) Nothing in that case undermines the trial court's determination that Milner sustained actual injury when an adverse judgment was entered in his underlying action against the Regents. Moreover, we reject Milner's claim that the statute of limitations did not run until he was aware of the appellate ruling by this court, or subjectively appreciated its significance. (*Shaoxing City Maolong Wuzhong Down Prod., Ltd. v. Keehn & Associates, APC* (2015) 238 Cal.App.4th 1031, 1038 ["subjective belief is irrelevant to the question of whether actual injury has been sustained"]; see *Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 227 ["Actual injury must be noticeable, but the language of the tolling provision does not require that it be noticed [by the plaintiff]."].)

## II.

### *The Trial Court Properly Denied Leave to Amend*

"When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the plaintiff can cure the defect by amendment." (*Yee, supra*, 30 Cal.App.5th at p. 742; see *Jocer, supra*, 183 Cal.App.4th at p. 572.) " ' "The burden of proving such reasonable

11

possibility is squarely on the plaintiff." ' [Citation.] Our examination of the complaint is de novo." (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc*. (2016) 1 Cal.5th 994, 1010.) "To meet [this] burden the [plaintiff] must affirmatively demonstrate how the complaint can be amended and how the amendment will cure the deficiencies." (*Yee*, at p. 742; see *Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 994.)

Milner contends he should be allowed to amend his complaint, as "there is a strong policy in favor of liberal allowance of amendments." (*Mesler v. Bragg Management Co.* (1985) 39 Cal.3d 290, 296.) Milner does not explain how he proposes to amend his complaint or how the amendment will cure the defects regarding the statute of limitations. He therefore fails to meet his burden to justify granting leave to amend. We have already determined that the allegations in Milner's complaint demonstrate he sustained actual injury at the time of trial and entry of the adverse judgment in the underlying action. We thus conclude there is no reasonable possibility that the defects can be cured by amendment and further conclude there was no abuse of discretion in the trial court's determination that the demurrer should be sustained without leave to amend. (See *Yee, supra*, 30 Cal.App.5th at p. 742.)

## DISPOSITION

The judgment is affirmed.  Casas is entitled to his costs on appeal.


                                                        GUERRERO, J.


WE CONCUR:



HUFFMAN, Acting P. J.



IRION, J.