Filed 12/7/21  Slack v. Marx CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELIZABETH ANNE SLACK, as Executor, etc.<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>PAUL MARX et al.,<br><br>    Defendants and Respondents. | G059600<br><br>(Super. Ct. No. 30-2018-01007078)<br><br>O P I N I O N |

Appeal from judgment of the Superior Court of Orange County, Richard Y. Lee, Judge.  Affirmed.

Makarem & Associates, Ronald W. Makarem and Jared V. Walder for Plaintiff and Appellant.

Kaufman Dolowich & Voluck, Andrew J. Waxler and Courtney E. Curtis-Ives for Defendants and Respondents.

Plaintiff Elizabeth Anne Slack, as Executor of the Estate of Charles B. Slack, appeals from summary judgment entered against her based on the statute of limitations in a legal malpractice action against the former lawyers of her late husband Charles Slack. Plaintiff alleges defendants improperly drafted an amended and restated trust, depriving Charles of the ability to use certain property for his own benefit against his wishes. Plaintiff contends the statute of limitations was tolled because Charles did not suffer actual injury from the alleged malpractice until after his death, and defendants willfully concealed an earlier version of the trust. However, Charles suffered actual injury at least upon the funding of certain irrevocable subtrusts with his separate property, more than four years before the filing of plaintiff's lawsuit. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 2003, Charles Slack and his then-wife Barbara[1] retained Paul Marx of Rutan & Tucker to assist them with estate planning. The Slacks had a preexisting trust that had been prepared by another attorney in 1990 (the 1990 trust), but Marx prepared a new trust with a different structure (the new trust). Upon the death of one of the spouses, the 1990 trust called for the Slacks' property to be split into a decedent's trust, containing property of the deceased spouse (either the deceased spouse's separate property or his or her share of the community property) having a value equal to the available estate tax exclusion, and a survivor's trust, containing all the rest of the Slacks' property.

The new trust took a different approach. On the death of the first spouse, the new trust called for a split into three trusts: a bypass trust (identical to the decedent's trust in the 1990 trust), a survivor's trust, and a new marital deduction trust. Unlike the 1990 trust, the new survivor's trust would only receive the surviving spouse's separate property and his or her share of the community; the remainder of the decedent's property would go into the marital deduction trust, which would be irrevocable and which was for

---

[1] We use first names for certain people in this opinion to avoid confusion. No disrespect is intended.

the benefit of the Slacks' children. The new trust also purported to convert all the Slacks' separate property to community property. The Slacks executed the new trust in early 2004.

Barbara Slack died in 2007. After Barbara's death, Charles and the Rutan firm worked together to divide the Slacks' assets into the three subtrusts, as specified by the new trust. In 2008, Charles married his second wife, plaintiff Elizabeth Anne Slack, and in 2010 they retained a new attorney to handle ongoing estate planning and trust administration matters. In connection his retention of a new attorney, Charles asked the Rutan firm for "all original files that you have for matters that you have worked on for me." Rutan produced various documents, but did not produce the original 1990 trust, which it had not prepared. The Rutan firm sent its final invoice to Charles in 2011, and did not represent him thereafter.

During the following years, Charles and plaintiff regularly accessed the assets of the marital deduction trust. Charles died in 2017. On July 24, 2017, Charles and Barbara's children, represented by Rutan, filed a petition in Orange County Superior Court seeking damages against plaintiff for allegedly misappropriating assets from the marital deduction trust. On July 20, 2018, just under a year later, plaintiff, acting as executor for Charles's estate, filed a legal malpractice action against defendants Marx, Rutan, and David Garibaldi, another attorney with Rutan.[2]

Defendants moved for summary judgment based on the statute of limitations, Code of Civil Procedure section 340.6. The trial court granted the motion and entered judgment. Plaintiff timely appealed.

---

[2] Plaintiff also sued another attorney with Rutan who is not a party to this appeal, but later voluntarily dismissed against that person.

## DISCUSSION

We review a grant of summary judgment de novo. (*Yu v. Liberty Surplus Ins. Corp.* (2018) 30 Cal.App.5th 1024, 1030.) Plaintiff argues the statute of limitations was tolled because (1) Charles did not suffer actual injury arising from the malpractice during his lifetime; and (2) defendants willfully concealed the original 1990 trust. Neither contention has merit.

Code of Civil Procedure section 340.6 is the attorney malpractice statute of limitations. It prescribes two limitations periods: one year from the plaintiff's discovery of the attorney's wrongful act or omission, or four years from the date of the act or omission itself. (Code Civ. Proc., § 340.6, subd. (a).) The statute also includes five tolling provisions, one of which only applies to the four-year period. (Code Civ. Proc., § 340.6, subds. (a)(1)-(5).)

A. Plaintiff Sustained Actual Injury More Than Four Years Before Filing

Plaintiff contends the trial court should have applied two of these tolling provisions to deny summary judgment. The first is Code of Civil Procedure section 340.6, subdivision (a)(1), which causes the statutory period to be tolled so long as "[t]he plaintiff has not sustained actual injury." "Actual injury" means "'loss or injury legally cognizable as damages in a legal malpractice action based on the asserted errors or omissions.'" (*Shaoxing City Maolong Wuzhong Down Products, Ltd. v. Keehn & Associates, APC* (2015) 238 Cal.App.4th 1031, 1036.) Actual injury includes anything more than nominal damages, even if the client may sustain additional, more significant damages in the future, and even if the damages might be mitigated or eliminated in the future. (*Ibid.*)

Plaintiff argues Charles did not suffer actual injury arising from defendants' acts during Charles's lifetime, asserting that in cases involving written instruments, actual injury only occurs if and when the negligently-drafted instrument becomes effective and causes damages. *Callahan v. Gibson, Dunn & Crutcher LLP* (2011) 194 Cal.App.4th

4

557. From this proposition, plaintiff concludes Charles did not suffer actual injury from the language purporting to transmute Charles's separate property in the new trust, contending that language was ineffective at least until Charles died.

However, regardless of the effectiveness of the transmutation language, Charles suffered actual injury when the subtrusts were funded after Barbara's death. By placing his assets, including some of his separate property assets, into an irrevocable trust for the benefit of his children, funding the subtrusts deprived Charles of the ability to make use of those assets as he pleased. Indeed, this is the essence of plaintiff's theory of liability against defendants: plaintiff's original complaint alleges that defendants "grossly overfunded" the marital deduction trust to Charles's detriment, depriving him of what would otherwise have been his separate property.

Plaintiff suggests Charles was not injured because he was able, in a practical sense, to make use of the property in the marital deduction trust during his lifetime. However, the new trust limits Charles's ability to invade the marital deduction trust to use those funds for "health, maintenance or support" or to reside in a property held in that trust. Invasion of the marital deduction trust beyond those purposes, as Charles and Barbara's children have alleged Charles undertook, exposed Charles to personal liability. Moreover, even if Charles did not improperly take property from the marital deduction trust, at the time he funded the marital deduction trust, he gave away his right to take that property, which is a form of actual injury. (See *Radovich v. Locke-Paddon* (1995) 35 Cal.App.4th 946, 975-978 (loss of community property rights constitutes actual injury at the time of loss of the rights, regardless of timing of later dissolution of marriage or death of spouse).)

B. There Is No Actionable Concealment

Plaintiff also argues defendants triggered another tolling provision: Code of Civil Procedure section 340.6, subdivision (a)(3), which tolls the four-year statutory period when the defendant "willfully conceals the facts constituting the wrongful act or

5

omission when those facts are known to the attorney. . . ." Plaintiff contends Rutan's failure to produce the original 1990 trust in response to Charles's request for documents was willful concealment, and should toll the statute. However, the 1990 trust is only tangentially relevant to defendants' alleged wrongful act or omission.

The crux of plaintiff's case is that defendants improperly drafted the new trust in a manner inconsistent with Charles's wishes. The new trust was a complete restatement, replacing and revoking the 1990 trust in its entirety; review of the 1990 trust was not necessary to determine the meaning of the new trust or whether it comported with Charles's wishes. Thus, when Rutan delivered the new trust to Charles, it produced to Charles all the relevant facts constituting the alleged wrongful act or omission. In short, defendants affirmatively disclosed the relevant facts, rather than willfully concealing them.

Moreover, Charles was certainly aware of the 1990 trust. He signed it and presumably provided it to Rutan as a basis for further estate planning. Characterizing Rutan's failure to return the document to Charles as "willful concealment" of the document or its contents is meaningless in this context.

With Charles having suffered actual injury upon funding the subtrusts in 2008, and in the absence of willful concealment of the facts by the defendants, the latest date on which the statute could have been tolled was when defendants ceased to represent Charles. (Code Civ. Proc., § 340.6, subd. (a)(2).) Defendants' representation of Charles undisputedly ceased in 2011. This action was filed in 2018, well beyond the four-year statutory period. Accordingly, the statute of limitations bars plaintiff's action and the trial court correctly granted summary judgment to defendants.

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on this appeal.

ZELON, J.*

WE CONCUR:

BEDSWORTH, ACTING P. J.

FYBEL, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.