NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CENTRAL TRANSPORTATION COMPANY, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> EDWARD LEONARD; HARRINGTON, FOXX, DUBROW & CANTER, <br><br> Defendants-Appellees, <br><br> and <br><br> DOES, 1-10, <br><br> Defendant. | No.  21-55741 <br><br> D.C. No. <br> 8:21-cv-00529-JVS-KES <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted April 11, 2022**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SILER,*** M. SMITH, and BRESS, Circuit Judges.

Central Transport appeals the district court's order dismissing its legal malpractice claims against Edward Leonard and his former law firm, Harrington, Foxx, Dubrow & Canter. The district court had jurisdiction under 28 U.S.C. § 1332,[1] and we have jurisdiction under 28 U.S.C. § 1291. We review the grant of a motion to dismiss de novo. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 413 (9th Cir. 2020). We review the district court's denial of leave to amend and denial of a request for judicial notice for abuse of discretion. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). We affirm.

1. The district court correctly concluded that Central Transport's claims are untimely under California's applicable statute of limitations. *See* Cal. Code Civ. Proc. § 340.6(a). That statute requires professional negligence suits to be filed "within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever

---

*** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] We interpret Central Transport's Second Amended Complaint as alleging that all partners of Harrington, Foxx, Dubrow & Canter are domiciled in California.

2

comes first." *Id.* The statute of limitations "is triggered by the client's discovery of the facts constituting the wrongful act or omission, not by his discovery that such facts constitute professional negligence." *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 35 Cal. Rptr. 3d 31, 51 (Ct. App. 2005) (quotation omitted).

Here, by March 21, 2020, one year before filing suit, Central Transport was at the very least on notice to investigate Leonard's alleged malpractice regarding the settlement in the *Misra* matter. On February 25, 2020, Central Transport filed a declaratory judgment complaint seeking enforcement of the settlement. Central Transport alleges that counsel who filed the declaratory judgment had at that point reviewed Leonard's conduct and identified multiple breaches in the standard of care. Central Transport also knew by this time that the settlement with the Misras had not been consummated. Thus, by this point at the latest, Central Transport had or should have had a "suspicion of wrongdoing," and it was on notice to investigate Leonard's actions. *Id.* at 51–52. Because Central Transport filed this action more than one year later, its claims are untimely. *See* Cal. Code Civ. Proc. § 340.6(a).[2]

---

[2] On appeal, Central Transport only challenges Leonard's May 30, 2018 email. But even if Central Transport had preserved its challenges to Leonard's other actions, it would not alter the statute of limitations analysis. For the reasons stated above, Central Transport was on notice to investigate Leonard's performance more than a year before filing this suit. We also reject Central Transport's argument that the district court committed material error in drawing impermissible inferences from the complaint. Any error would be immaterial because our review is de novo.

2.     We reject Central Transport's argument that the "actual injury" exception to the statute of limitation applies.  Under California law, the limitations period "shall be tolled during the time that . . . [t]he plaintiff has not sustained actual injury."  *Id*.  "Actual injury" includes "the loss of a right, remedy, or interest," or "the imposition of liability."  *Truong v. Glasser*, 103 Cal. Rptr. 3d 811, 819 (Ct. App. 2009) (quotation omitted).  "Actual injury must be noticeable, but the language of the tolling provision does not require that it be noticed."  *Foxborough v. Van Atta*, 31 Cal. Rptr. 2d 525, 530 (Ct. App. 1994).

This exception does not apply here.  Leonard's statements injured Central Transport by undermining its bargaining position, prolonging the underlying personal-injury suit, and requiring Central Transport to seek a declaratory judgment. *See, e.g.*, *Shaoxing City Maolong Wuzhong Down Prods., Ltd. v. Keehn & Assocs.*, 190 Cal. Rptr. 3d 90, 94–95 (Ct. App. 2015) (finding injury because counsel "substantially weakened plaintiffs' negotiating position"); *Truong*, 103 Cal. Rptr. 3d at 820 (finding injury because plaintiffs "were required to obtain and pay new counsel to file a lawsuit seeking to escape the consequences" of the wrongdoing). California law does not require a final judgment in the underlying suit for the statute of limitations to run.  *Id.* at 818–21.

3.     The district court did not abuse its discretion in denying Central Transport leave to amend its complaint.  "A district court may deny a plaintiff leave

4

to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quotation omitted). Central Transport has not pointed to other facts that it would allege to prevent its claims from being untimely.

4. The district court did not abuse its discretion in declining to rule on Central Transport's motion for judicial notice. The court assumed the truth of Central Transport's allegations regarding its subjective uncertainty about whether Leonard had breached the standard of care, and then correctly explained why that would not change the statute of limitations analysis. It was therefore unnecessary for the district court to rule on Central Transport's request for judicial notice.

**AFFIRMED.**